# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | George W. Lindberg | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 CR 507 - 1 | **DATE** | 10/30/2002 |
| **CASE TITLE** | United States of America vs. Flora A. Braziel | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
  ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry]  Defendant's motion to withdraw plea of guilty is denied. Sentencing set for December 4, 2002 at 11:30a.m. Enter memorandum opinion and order.

(11) ☐ [For further detail see order (on reverse side of/attached to) the original minute order.]

| | | | Document Number |
|---|---|---|---|
| | No notices required, advised in open court. | | |
| | No notices required. | number of notices | |
| | Notices mailed by judge's staff | | |
| | Notified counsel by telephone. | OCT 31 2002 | 74 |
| ✓ | Docketing to mail notices. | | |
| | Mail AO 450 form. | | |
| | Copy to judge/magistrate judge. | | |
| SLB | courtroom deputy's initials | date mailed notice | |
| | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| | ) No. 01 CR 507 |
| v. | ) |
| | ) Judge George W. Lindberg |
| | ) |
| FLORA A. BRAZIEL | ) |

**MEMORANDUM OPINION AND ORDER**

Defendant has filed a motion to withdraw her guilty plea entered September 4, 2002. For the reasons stated below, the motion is denied.

On May 31, 2001, an indictment was returned charging defendant with mail fraud. The indictment alleged that between 1993 and 1999, defendant had fraudulently obtained unemployment insurance benefits from the Illinois Department of Employment Security by posing as fictitious claimants and making false claims. On February 13, 2002, defendant pleaded guilty to Count I of the indictment. On May 30, 2002, while defendant was on pretrial release pending sentencing, the government filed a complaint in case number 02 CR 534, charging her with committing additional acts of mail fraud during the time following her guilty plea. Case number 02 CR 534 was dismissed on the government's motion after a superseding indictment was returned on June 20, 2002 in this case, incorporating the new incidents, which were alleged to have occurred on March 21, 2002 and April 15, 2002.

On September 4, 2002, defendant pleaded guilty to Count I of the superseding indictment, which charged defendant with committing mail fraud on March 21, 2002. On September 18, 2002, the court allowed defendant's counsel to withdraw. Defendant's new counsel filed a motion to withdraw defendant's second guilty plea on October 2, 2002. Defendant has not been

sentenced on either count to which she has pleaded guilty.

There is no absolute right to withdraw a guilty plea. United States v. Neeley, 189 F.3d 670, 685 (7th Cir. 1999). Rule 32(e) of the Federal Rules of Criminal Procedure provides that "before sentence is imposed, the court may permit the plea to be withdrawn if the defendant shows any fair and just reason." The defendant bears the burden of justifying that she is entitled to relief. Neeley, 189 F.3d at 685.

Defendant claims that, despite her lengthy Rule 11 colloquy to the contrary, her second guilty plea, entered September 4, 2002,[1] was not knowing or voluntary. According to defendant, she informed her attorney that she was innocent of the acts alleged in the superseding indictment, but nevertheless would plead guilty to the superseding indictment if the sentences on the two guilty pleas ran concurrently. Defendant states that she signed her second plea agreement without reading it, under the assumption that it provided for concurrent sentences. Defendant states that she learned that this was not the case during the change of plea hearing, but continued with the guilty plea because her attorney told her that failing to do so would affect her acceptance of responsibility on her first guilty plea.

The Rule 11 colloquy serves the purpose of establishing that a plea is knowingly and voluntarily made. See United States v. Ellison, 835 F.2d 687, 693 (7th Cir. 1987). The record created at a Rule 11 hearing is accorded a "presumption of verity." United States v. Trussel, 961 F.2d 685, 689 (7th Cir. 1992). Therefore, a defendant "faces an uphill battle" in demonstrating a fair and just reason for withdrawing a guilty plea after a thorough Rule 11 hearing has taken place. United States v. Schilling, 142 F.3d 388, 398 (7th Cir. 1998).

---

[1] Defendant refers to this guilty plea as a plea in case number 02 CR 534.

2

As part of the Rule 11 colloquy, the court is required to inform the defendant of the maximum statutory penalty for the offense involved, before taking the guilty plea. Fed. R. Crim. P. 11(c)(1). However, at the time the guilty plea is entered, the court is not required to inform the defendant what effects the application of the Sentencing Guidelines will have on the sentence. United States v. Knorr, 942 F.2d 1217, 1220 (7th Cir. 1991). Indeed, in most cases, the court would not have sufficient information to do so. Therefore, "[g]enerally, the fact that a defendant underestimated his sentence when entering his plea is not a fair and just reason to permit him to withdraw that guilty plea." Knorr, 942 F.2d at 1220.

In this case, the court informed defendant at the plea colloquy that the statutory maximum penalty as to the count to which she was pleading guilty on September 4, 2002 is five years. The statutory maximum penalty as to the count to which defendant initially pleaded guilty on February 13, 2002 also is five years. The Sentencing Guidelines provide that where a defendant is sentenced on more than one count of conviction, the sentences must run concurrently, as long as the sentence imposed on the count carrying the highest maximum penalty is adequate to achieve the total punishment. U.S. Sentencing Guidelines Manual § 5G1.2(c). However, if the sentence on the count carrying the highest statutory maximum penalty is less than the total punishment, the sentences must run consecutively to the extent necessary to produce a combined sentence equal to the total punishment. Id. § 5G1.2(d).

When defendant entered her guilty plea, the court had not determined whether her total punishment would exceed five years, making it necessary for the sentences on the two counts to run consecutively to some extent.[2] Defendant's written plea agreement does not provide that the

---

[2] The court still has yet to make that determination.

sentences on the two counts would run concurrently. At the plea colloquy, defendant answered affirmatively, under oath, that she had read the plea agreement before she signed it and that she understood that the final decision as to what her sentence would be rested with the court. She also asserted that no promises or agreements had been made, other than those contained in the plea agreement. Finally, although defendant now asserts that during plea negotiations she informed her attorney that she was innocent of the charges contained in the superseding indictment, she agreed under oath on September 4, 2002 that the factual basis provided by the government at the plea hearing was "correct in every detail." "When a defendant makes no more than naked claims of innocence, a court need not allow the defendant to withdraw his guilty plea nor allow the defendant an evidentiary hearing." United States v. Hodges, 259 F.3d 655, 661 (7th Cir. 2001).

The court holds defendant to the admissions she made at the Rule 11 hearing, and finds that her guilty plea was knowingly and voluntarily made. Since defendant has not shown a fair and just reason for withdrawing her guilty plea, the court denies her motion.

**ORDERED:** Defendant's motion to withdraw her guilty plea [68-1] is denied.

ENTER:

George W. Lindberg
Senior United States District Judge

DATED: **OCT 3 0 2002**

4